**A. B. NEWTON and H. K. Rushton, Partners Trading as A. B. Newton and Company, Appellees and Cross-Appellants,**

v.

**AMERICAN SURETY COMPANY OF NEW YORK, Appellant and Cross-Appellee.**

**No. 9166.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1964.

Decided March 5, 1964.

**300**

Walker Florance and Henry M. Taylor, Jr., Richmond, Va. (Florance, Gordon & Brown, Richmond, Va., on brief), for appellees and cross-appellants.

Sidney O. Raphael, New York City (Sands, Anderson, Marks & Clarke, Richmond, Va., and Raphael, Searles & Vischi, New York City, on brief), for appellant and cross-appellee.

Before BOREMAN and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge:

A. B. Newton and H. K. Rushton, a partnership, trading as A. B. Newton & Company, hereafter referred to as Newton, was a contractor for the Mosby Court Housing Project in the city of Richmond, Virginia. Precisionware, Inc., hereafter referred to as Precisionware, is a manufacturer of kitchen cabinets. Alcon Builders Supply Company, Inc., was a factory or manufacturer's representative, which operated in Washington, D. C. under the name of Alcon Kitchens. Al Horwitz represented Alcon Kitchens. Alcon Builders Supply Company, Inc. and Alcon Kitchens will be referred to variously as Alcon. Alcon was the Washington representative of Precisionware.

Beginning on April 27, 1961, somewhat extensive negotiations were entered into between Precisionware and Alcon on the one hand, and Newton on the other. As a result of these negotiations, a contract was entered into through Mr. Horwitz acting for Alcon for the delivery of kitchen cabinets to be made according to plans and specifications. Mr. Horwitz was told that stock cabinets would not be acceptable. Performance bond in full amount of the contract, $49,157.00, was to be furnished, the premium of which was to be paid by Newton. It was understood that Precisionware was to build the cabinets and that Horwitz was representing that company, although the purchase order was issued to Alcon Kitchens on July 6, 1961.

Delivery was to start on or about February 1, 1962.

The general conditions of the specifications provided that shop drawings be submitted to the architect for approval by the contractor, sufficiently in advance to afford time for checking. The contractor was not authorized to make any changes unless he was given written permission from the owner signed by the architect. The plans and specifications showed in detail how the cabinets were to be constructed. Sample cabinets made by Precisionware were delivered to Horwitz on or about October 24, 1961, but they were not accompanied by shop drawings. On October 26, 1961, B. E. Joyner, the Purchasing Agent of Newton, wrote Alcon Kitchens that the samples would be approved with certain specific corrections as set forth in that letter.

In the meantime, no performance bond had been issued and it developed that Alcon Kitchens was unable to procure bond.

On November 20, 1961, Joyner telegraphed Alcon Kitchens requesting performance bond on or before December 1, 1961 and stated that unless bond was furnished the purchase order would be cancelled. On the same date, Precisionware sent the shop drawings, but they were not examined by Mr. Joyner when received. He had been advised by representatives of his bonding company not to consider the drawings until the bond was in his hands. Alcon being unable to obtain bond, at Horwitz's request the purchase order was rewritten to show that it was issued to Precisionware. The rewritten order is identical with the original order except that it bears the notation "this order supersedes previous order to Alcon Kitchens".

On December 4, 1961, Precisionware wrote American Surety Company, the defendant herein, confirming its telephone request that arrangements be made to secure, on behalf of Precisionware, bond representing the full face amount of its contract with Newton. On December 5, 1961, the bond was prepared and after being executed was transmitted to Newton by letter dated December 11, 1961.

On December 19, 1961, Joyner wrote Precisionware declining to approve the shop drawings in their present form and requesting resubmittal of drawings in accordance with specifications. Precisionware did not resubmit drawings and after several telephone conversations, on January 10, 1962, Newton telegraphed Precisionware that no change in the plans or specifications would be allowed. On January 11, 1962, Precisionware telegraphed Newton advising that it was unable to proceed with the contract unless changes were permitted. Other messages passed between Newton and Precisionware and on January 15, 1962, Newton notified Precisionware that it would proceed to purchase cabinets at Precisionware's risk and cost. During the interval, on January 12, Newton made inquiries of other manufacturers concerning submission of bids. On January 18, four bids were received, the lowest being $69,728.00 and the second lowest $70,471.61. The low bidder could not meet delivery schedule, so the contract was given to the second low. Newton was operating under a contract provision of $1.00 penalty per day per unit with a maximum of $200.00 per day. Newton claims additional damages in the amount of $5000.00 for time and assistance given the manufacturer who supplied the cabinets in addition to the difference between the contract price and the cost of the cabinets.

While Newton failed to complete the contract on time, no part of the delay was attributable to the situation involving the cabinets.

The shop drawings furnished by Precisionware did not comply with the plans and specifications, nor did the sample cabinets conform to the owner's display sample.

The defendant, American, contends that there was no contract between Newton and Precisionware; that the July 6, 1961 purchase order was issued to Alcon Kitchens and since it never bonded Alcon it is not liable.

The court below, after hearing the evidence, concluded that Alcon Kitchens, acting through Horwitz, was the agent of Precisionware, and that Newton should recover $21,314.61, the difference between the contract price and the purchase price. It was also held that the evidence introduced by Newton concerning the value of its time and assistance to the supply manufacturer was too vague and insufficient to allow Newton any damages upon that claim. The court also allowed interest only from the date of the judgment.

On this appeal by American, Newton has filed a cross claim for the recovery of the additional $5000.00 and for interest on the principal claim from date of breach of contract by Precisionware.

From the record it is obvious that from the beginning of negotiations, Precisionware was the real contractor. Alcon was its agent and while the negotiations were formally in its name until

it developed that Alcon could not procure performance bond, it is clearly shown that beginning with the letter of April 27, 1961 this was the state of facts. That letter initiating the negotiations was on stationery of Precisionware, Inc., on which the Washington representative was named as Alcon Kitchens. When the purchase order was given, it was understood that Precisionware would supply the cabinets. Its representative being unable to supply bond, it arranged for the purchase order to be amended or re-issued specifically stating that it superseded the earlier order to Alcon.

■■ Complaint also is now made that Newton should have informed American, before the bond was issued, that it was experiencing difficulty with Alcon. This contention was not advanced in the court below. From an examination of the record and brief filed in that court, it appears that American then contended that Newton should have told Precisionware that the shop drawings, previously submitted, had not been approved and such failure perpetrated a fraud upon Precisionware.

We find the position untenable. It was the duty of the subcontractor, Precisionware, to supply cabinets in accordance with the plans and specifications which were known to it when the contract was entered into. If American had desired, as a condition precedent to issuing bond, it could have obtained an examination of the plans and specifications and of the shop drawings supplied by Precisionware. It cannot be now heard to complain upon that score.

■ Accordingly, we affirm the action of the trial court in awarding judgment for the plaintiff in the amount of $21,-314.61, with interest from the date of judgment.

■ We are also of the opinion that the plaintiff has failed to prove additional damages for delay or extra expense with sufficient evidence to afford a basis for estimating an amount with reasonable certainty. As previously stated, no part of the delay in performance by Newton was attributable to failure to obtain cabinets on time. See Boggs v. Duncan, 202 Va. 877, 121 S.E.2d 359, 363 (1961).

■ Finally, we approve the action of the trial court in allowing interest from the date of judgment only. The claim was an unliquidated one. Allowance of interest before judgment is discretionary and in the absence of clear proof of the time from which interest may be computed, it should not be allowed. In this case such date is not even stated in the pleadings.

The judgment of the trial court is Affirmed.